NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RENEE NELSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1671

---

Petition for review of the Merit Systems Protection Board in No. PH-1221-16-0453-W-1.

---

Decided: February 7, 2025

---

RENEE NELSON, Silver Spring, MD, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, PROST, and HUGHES, *Circuit Judges.*

PER CURIAM.

Petitioner Renee Nelson appeals the Merit Systems Protection Board's final order dismissing her whistleblower Individual Right of Action appeal for lack of jurisdiction. Because the Board correctly concluded that she failed to nonfrivolously allege that the Department of the Army took a personnel action against her in reprisal for her protected whistleblowing activity, we affirm.

I

Ms. Nelson is a Program Analyst at the Department of the Army's National Museum of Health and Medicine. S.A. 2.[1] On March 11, 2014, she sent Major General Joseph Caravalho Jr., Commanding General of the U.S. Army Medical Research and Material Command, a letter alleging she was subject to discrimination and harassment by her supervisors and department contractors as "the only African American GS12 Civilian female within the NMHM." S.A. 3, 67. She complained she "was slowly being stripped of [her] Public Program duties and that those duties were slowing being transferred to ARP contractors." S.A. 67. She reported that on February 24, 2014, her supervisor filed an official verbal reprimand against her and shared her official personnel record with a contractor without her consent. S.A. 68. She concluded that "[she] wish[ed] to file an official complaint against [NMHM] and [the] referenced individuals for their participation in the continued discrimination, harassment, and alienation." S.A. 70.

In response to Ms. Nelson's letter, the agency launched an Army Regulation 15-6 (AR 15-6) investigation that culminated in a memorandum finding "insufficient evidence" of "unlawful discrimination and improper behavior which created reprimands or hostile work environment for [her]." S.A. 21. The memorandum instead found Ms. Nelson "had

---

[1] References to S.A. refer to the Supplemental Appendix filed with the agency's brief.

a negative impact on the work environment" and her "consistent disruptive behavior and the attendant complaints that it generated appear to have created the impression by her that there is a conspiracy against her." *Id.*

In April 2015, Ms. Nelson filed a complaint with the Office of Special Counsel. OSC found that she appeared to have disclosed one instance of protected whistleblowing under 5 U.S.C. § 2302(b)(8)—her disclosure in her March 2014 letter that her personnel file had been shared with a contractor without her consent—that would violate the Privacy Act, 5 U.S.C. § 552a, which prohibits nonconsensual disclosure of a record of a person's employment history. *See* S.A. 97. OSC terminated its investigation on June 28, 2016.

On August 31, 2016, Ms. Nelson filed a whistleblower Individual Right of Action (IRA) appeal with the Merit System Protection Board alleging that the agency conducted an "[i]llegal AR15-6 [i]nvestigation under 5 U.S.C. § 2302(b)(8)." S.A. 17; 89. She referred to the OSC finding that she appeared to have disclosed a violation of the Privacy Act and alleged that the agency conducted an AR 15-6 investigation that was "used as a retaliatory tool . . . to falsely label [her] as being disruptive . . . ." S.A. 97 (emphasis omitted). On September 16, 2016, the Board's administrative judge issued an Order on Jurisdiction and Proof Requirements informing her of the jurisdictional standards relevant to an IRA appeal, *see* S.A. 73–77, and ordering her "to file a statement, accompanied by evidence, listing," among other things, her alleged protected disclosures, the agency's alleged retaliatory actions, and the relevant dates, within 15 calendar days. S.A. 78.

Ms. Nelson filed a response to the Order on September 27, 2016. Instead of listing allegations supporting her whistleblower reprisal claim as requested, she "fil[ed] a copy of the original written statement submitted to the [MSPB's] Washington Regional Office Appeals Board in

[her] request for an [IRA] appeal, accompanied by the complaint evidence supplied to the OSC" and attached over 400 pages of materials. S.A. 64.

On July 20, 2017, the administrative judge dismissed Ms. Nelson's IRA appeal for lack of jurisdiction on two bases: (1) she had failed to make a nonfrivolous allegation that her claimed activity was protected under the Whistleblower Protection Act, and (2) she had failed to identify any personnel action for which that protected activity might have been a contributing factor.

Regarding Ms. Nelson's alleged whistleblowing activity, the administrative judge noted that "allegations of discrimination, whether raised within grievance or equal employment opportunity (EEO) processes or elsewhere, do not constitute protected whistleblowing activity under 5 U.S.C. § 2302(b)(8)." S.A. 19–20. The administrative judge further found Ms. Nelson's "personal complaints and grievances about how she was treated by the agency, her opinion that she is being underutilized or unfairly criticized, and disagreements over agency policy decisions" were not protected disclosures as a matter of law. S.A. 20.

Regarding personnel action, the administrative judge found "it remain[ed] unclear what personnel actions [she] allege[d] were taken by the agency in retaliation for her whistleblowing activity." S.A. 20–21. The administrative judge found that some events Ms. Nelson detailed in her appeal could not have constituted reprisal because they predated her whistleblowing activity. S.A. 20. The administrative judge further concluded the AR 15-6 investigation did not constitute a personnel action because she had not alleged it was used as pretext for gathering information to retaliate against her.

Ms. Nelson timely filed an administrative petition for review (PFR) by the full Board, attaching over 500 pages of purported evidence. To clarify her claims, Ms. Nelson presented a timeline of events. On March 12, 2024, the Board

issued a Final Order denying the PFR and affirming the administrative judge's Initial Decision except as expressly modified to find that Ms. Nelson had made a nonfrivolous allegation of making a single protected disclosure. S.A. 2. The Board affirmed the administrative judge's dismissal for lack of subject matter jurisdiction despite finding Ms. Nelson had alleged an instance of whistleblowing activity because it agreed with the administrative judge that Ms. Nelson did not identify any retaliatory personnel action to which the agency subjected her after her March 2014 letter. S.A. 7.

Ms. Nelson timely appealed the Board's final decision to this Court. We have jurisdiction to review a final decision of the Board under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(B).

## II

We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020).

"Whether the Board has jurisdiction over a particular matter is a question of law that this court reviews de novo." *Kerrigan v. Merit Sys. Prot. Bd.*, 833 F.3d 1349, 1353 (Fed. Cir. 2016). "[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) [s]he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Although pro se litigants are held to a less stringent pleading

standard, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they are not exempt from satisfying jurisdictional requirements. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

While the Board correctly found that Ms. Nelson had nonfrivolously alleged one instance in which she made a protected disclosure, the Board correctly dismissed Ms. Nelson's IRA appeal for lack of subject matter jurisdiction because she failed to nonfrivolously allege that the agency took a "personnel action" against her as defined by 5 U.S.C. § 2302(a)(2) in reprisal for her disclosure.

"A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. An allegation generally will be considered nonfrivolous when . . . an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal." 5 C.F.R. § 1201.4(s). "Any doubt or ambiguity as to whether the appellant has made a nonfrivolous allegation . . . should be resolved in favor of" a finding that jurisdiction exists. *Huffman v. Off. of Pers. Mgmt.*, 92 M.S.P.R. 429, ¶ 13 (2002).

A protected disclosure is "any disclosure of information by an employee . . . which the employee reasonably believes evidences" a "violation of any law, rule, or regulation." 5 U.S.C. § 2302(b)(8)(A)(i). The statutory definition of "disclosure" excludes "a communication concerning policy decisions that lawfully exercise discretionary authority." 5 U.S.C. § 2302(a)(2)(D). "Allegations of retaliation for exercising a Title VII right . . . do not fall within the scope of section 2302(b)(8) of the Whistleblower Protection Act and are therefore not proper subjects for inclusion in an IRA appeal." *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1329 (Fed. Cir. 2020).

A

The Board properly found that Ms. Nelson had made only one nonfrivolous allegation of a Privacy Act violation.

The Privacy Act prohibits nonconsensual disclosure of a record of a person's employment history unless an exception applies. *See* 5 U.S.C. § 552a(a)(4), (b). Ms. Nelson stated in her March 2014 letter that her supervisor had improperly shared her employment file containing a copy of an official reprimand with a contractor without her consent. The Board noted that "neither below nor on review has the appellant clearly explained what protected disclosures or activities she is claiming or what personnel actions she is alleging." S.A. 4. The Board nonetheless "generously" construed Ms. Nelson's allegation that "her supervisor sent a copy of her official personnel record to a contractor" to be a "nonfrivolous allegation that she reasonably believed the agency violated [the Privacy Act]." S.A. 6–7.

The Board properly concluded that the other disclosures in Ms. Nelson's March 2014 letter concerned behaviors that are not whistleblowing activity as a matter of law. Ms. Nelson's disagreements with her supervisor about what her job duties should be are not protected activity because assignments are policy decisions within the supervisor's lawful discretion. *See* 5 U.S.C. § 2302(a)(2)(D). "Discussion and even disagreement with supervisors over job-related activities is a normal part of most occupations" and therefore are not protected disclosures. *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998), *superseded by statute on other grounds*, Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 101(b)(2)(C), 126 Stat. 1465, 1465–66. Ms. Nelson's complaints of mistreatment due to her sex and race and her related claims of retaliation for EEO activity are properly addressed through the EEO remedial scheme, not an IRA appeal. *See, e.g., Young*, 961 F.3d at 1329 ("Retaliation for filing [EEO]

complaints is remediable through different mechanisms, and not by an IRA appeal to the Board.").

Ms. Nelson further alleges she disclosed "[g]overnment [p]rocurement [f]raud" as another instance of a protected disclosure. Pet. Inf. Br. at 4. However, she did not allege procurement fraud before the administrative judge. While she claimed to have reported "[a]gency contractor fraud" in her PFR, she did not provide any detail supporting this claim. S.A. 43. This bare conclusory allegation is frivolous. *See* 5 C.F.R. § 1201.4(s).

## B

Though Ms. Nelson nonfrivolously alleged that she made a protected disclosure, the Board correctly concluded that it lacked subject matter jurisdiction because Ms. Nelson did not nonfrivolously allege that the agency took a personnel action against her as defined by 5 U.S.C. § 2302(a)(2) in reprisal for her protected disclosure.

Ms. Nelson identified a single personnel action in her initial appeal to the Board: the agency investigation that concluded she was a disruptive employee. *See* S.A. 89, 97. This investigation was initiated to investigate the allegations raised in Ms. Nelson's March 2014 letter. Moreover, an alleged retaliatory investigation that does not result in a "significant change in working conditions" does not constitute a personnel action under the WPA. *Sisstek v. Dep't of Veterans Affs.*, 955 F.3d 948, 956 (Fed. Cir. 2020). The Board correctly concluded that neither the initiation nor result of the investigation into Ms. Nelson was retaliatory personnel action, since Ms. Nelson did not point to any post-investigation event that significantly changed her working conditions. To the extent Ms. Nelson contends the agency engaged in a new personnel action when it did not reverse her prior reassignment after the investigation, we have rejected such a theory of continued violation as grounds for establishing jurisdiction under the WPEA. *See*

*Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 667 (Fed. Cir.1998).

Many of the other events Ms. Nelson recites as alleged personnel action predate her March 2014 letter. These events cannot have occurred in retaliation for her whistle-blowing because they occurred before her protected disclosure in her March 2014 letter.

Ms. Nelson also alleged several new personnel actions for the first time in her PFR, including "violating her privacy rights, sabotaging her EEO complaint, and interfering with her workers' compensation claim." S.A. 8. The Board correctly found her arguments and assertions lacking in the detail necessary to determine whether these actions "could constitute the kind of personnel action covered under the whistleblower statute." *Id.* Further, her vague and conclusory allegations were insufficient to discern whether the events "occurred after the appellant's March 2014 disclosure, and therefore could have been taken in reprisal for the disclosure." *Id.*

IV

We have considered the remainder of Ms. Nelson's arguments and find them unpersuasive. Because Ms. Nelson's claims are outside the jurisdiction of the Merit Systems Protection Board, we affirm.

**AFFIRMED**

COSTS

No costs.